**THIERMAN BUCK LLP**
MARK R. THIERMAN, SB# 72913
JOSHUA D. BUCK, SB# 258325
LEAH L. JONES, SB# 276448
JOSHUA R. HENDRICKSON, SB# 282180
7287 Lakeside Drive
Reno, NV 89511
Tel: 775.284.1500
Fax: 775.703.5027
info@thiermanbuck.com

ATTORNEYS FOR PLAINTIFFS

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JILL ARENDS, ALEXANDRA FOSTER, and SABRINA SIERRA, on behalf of themselves and all other similarly situated individuals,<br><br>Plaintiffs,<br><br>vs.<br><br>SELECT MEDICAL CORPORATION; SELECT EMPLOYMENT SERVICES, INC.; and DOES 1 through 50, inclusive,<br><br>Defendant(s). | Case No. 2:20-cv-11381-TJH (AGRx)<br><br>**SECOND AMENDED COMPLAINT**<br><br>1) Failure to Pay Overtime in Violation of 29 U.S.C. § 207;<br>2) Failure to Pay Minimum Wages in Violation of the California Labor Code;<br>3) Failure to Pay Overtime Wages in Violation of the California Labor Code;<br>4) Meal and Rest Period Violations;<br>5) Failure to Provide Accurate Wage Statements in Violation of the California Labor Code;<br>6) Failure to Timely Pay All Wages Due and Owing in Violation of the California Labor Code;<br>7) Violating Private Attorney Generals Act; and<br>8) Unfair Business Practices.<br><br>**JURY TRIAL DEMANDED** |

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

Plaintiffs JILL ARENDS, ALEXANDRA FOSTER, and SABRINA SIERRA (collectively, "Plaintiffs"), on behalf of themselves, the general public, and all other similarly situated and typical persons, allege the following:

All allegations in this Complaint are based upon information and belief except for those allegations that pertain to the Plaintiffs named herein and their counsel. Each allegation in this Complaint either has evidentiary support or is likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

## JURISDICTION AND VENUE

1.  This Court has original jurisdiction over the federal claims alleged herein pursuant to the Fair Labor Standards Act ("FLSA") 29 U.S.C. § 216(b), which states: "An action to recover the liability prescribed in either of the preceding sentences may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." Plaintiffs have filed with the court consents to join this action.

2.  This Court has supplemental jurisdiction over the state law claims alleged herein pursuant to 28 U.S.C. § 1367 because the state law claims alleged herein all arise out of the same transaction and occurrence, i.e. the failure to properly pay all wages due—and there is no conflict between the procedures applicable to the FLSA and state law claims. *Integrity Staffing Solutions, Inc.*, 2013 U.S. App. LEXIS 7397 (9th Cir. Nev. Apr. 12, 2013) ("In sum, we agree with the other circuits to consider the issue that the fact that Rule 23 class actions use an opt-out mechanism while FLSA collective actions use an Opt-in mechanism does not create a conflict warranting dismissal of the state law claims.")

3.  Venue is proper in this Court because Defendants removed this action from the Superior Court of the State of California, for the County of Alameda, and many of the acts complained of herein occurred in this district.

## PARTIES

4.  Plaintiff JILL ARENDS is a natural person who has been employed by Defendants as a non-exempt hourly paid employee in the State of California during the relevant time period.

Attached hereto as Exhibit A is a true and correct redacted copy of Plaintiff's 2018 W-2 listing Select Employment Services, Inc. as her employer. Attached hereto as Exhibit B is a true and correct copy of one of Plaintiff's itemized pay statements listing Select Employment Services, Inc. as her employer.

5. Plaintiff ALEXANDRA FOSTER (née ARMSTRONG) is a natural person who has been employed by Defendants as a non-exempt hourly paid employee in the State of California during the relevant time period.

6. Plaintiff SABRINA SIERRA is a natural person who was employed by Defendants as a non-exempt hourly paid employee in the State of California during the relevant time period.

7. Defendants SELECT MEDICAL CORPORATION and SELECT EMPLOYMENT SERVICES, INC. (collectively referred to as "Select Medical" or "Defendants") are both foreign corporations with a principle place of business at 4714 Gettysburg Road, Mechanicsburg, PA 17055. Upon information and belief, neither Select Medical Corporation nor Select Employment Services, Inc. list a California place of business with the California Secretary of State.

8. The identity of DOES 1-50 is unknown at this time, and this Complaint will be amended at such time when the identities are known to Plaintiffs. Plaintiffs are informed and believe that each of the Defendants sued herein as DOE is responsible in some manner for the acts, omissions, or representations alleged herein and any reference to "Defendant," "Defendants," or "Select Medical" herein shall mean "Defendants and each of them."

**FACTUAL ALLEGATIONS**

9. Select Medical is a publicly traded for-profit corporation (NYSE ticker symbol SEM) that operates health care facilities throughout the country. According to its website, Select Medical "encompasses four areas of expertise: critical illness recovery, inpatient medical rehabilitation, outpatient physical therapy and occupational medicine, all of which are delivered and supported by more than 46,000 talented health care professionals across the U.S." *See*

https://www.selectmedical.com/select-medical-history/. Plaintiffs are three of Select Medical's 46,000 employees.

10. Plaintiffs Arends and Foster were employed by Select Medical as Speech Pathologists and worked at the California Rehabilitation Institute (Cal Rehab). Plaintiff Arends was an hourly paid non-exempt employee earning approximately $58 per hour. Plaintiff Foster is an hourly paid non-exempt employee and earns approximately $46 per hour.

11. Plaintiffs Sierra was employed by Select Medical as an hourly paid non-exempt Physical Therapist Assistant ("PTA") employee and worked at the Select Physical Therapy facility located at 6801 Park Terrace Drive, 2nd Floor, Los Angeles, CA 90045. Select Physical Therapy is a wholly owned subsidiary of Select Medical.

12. Since at least July 2016, Defendants have systematically failed to compensate Plaintiffs and all other similarly situated employees for all their work performed, both overtime and non-overtime hours. Defendants have systematically understaffed their facilities so that Plaintiffs and all other similarly situated employees are left to input patient information "off-the-clock" into the electronic record keeping software used by Defendants, either before the start of their shift, during their meal breaks, or after their shift.

13. Defendants require Plaintiffs and all other similarly situated employees to review and record patient information in Defendants' electronic medical record (EMR) systems, such as EPIC and TherapySource. Plaintiffs and all other similarly situated employees would record and document any and all patient care notes into Defendants' EMR systems. Defendants' EMR systems would automatically record the times in which Plaintiffs and all other similarly situated employees would enter data into the system, thereby leaving a "time stamp" to indicate when employees were using the system.

14. Defendants required Plaintiffs and all others similarly situated to make entries into the EMR system while at the employee's place of employment. It is integral, indispensable and legally necessary to the performance of Plaintiffs' job of providing patient care that they make these entries of patient care notes into the EMR system, which was also an essential part of the medical billing process as well.

15. Defendants and Defendants' agents were aware that Plaintiffs and all other similarly situated employees were working without compensation because employees were physically present at Defendants' facility and the EMR system recorded the time when Plaintiffs and similarly situated employees made entries. Defendants' agents would routinely observe Plaintiffs and all others similarly situated making these patient chart EMR entries "off-the-clock" such as during lunch breaks and before and after each shift.

16. Defendants also required all hourly paid employees to clock in and out using the KRONOS timekeeping system for pay purposes. When comparing the difference between the time entries from Defendants' EMR systems to the time entries in the KRONOS, Plaintiffs and all other similarly situated employees worked a significant amount of time "off-the-clock".

17. For example, Plaintiff Arends performed work off-the-clock resulting in the violations alleged in the workweek of August 31, 2018 through September 6, 2018, as well as the following workweek.

18. As an additional example, Plaintiff Foster performed this same work resulting in the same alleged violations in the workweek of April 27, 2018 through May 3, 2018, as well as the following workweek.

19. As an additional example, Plaintiff Sierra performed work off-the-clock resulting in the violations alleged in the workweek of November 26, 2018 through November 30, 2018.

20. Despite knowing that Plaintiffs and other similarly situated individuals were performing work off-the-clock and without compensation, Defendants failed to prevent the performance of such work. Defendants suffered and permitted Plaintiffs to continue doing uncompensated work that they were engaged to perform.

21. In addition to suffering and permitting Plaintiffs and all other similarly situated employees to perform work without compensation, Select Medical also violated California's meal and rest break law by not providing a meal period and rest periods within the requisite number of hours after the start of a shift; failing to provide a second meal period and/or rest period within the time proscribed by law, and by not permitting a full 30-minute uninterrupted meal period.

**COLLECTIVE, CLASS, AND REPRESENTATIVE ACTION ALLEGATIONS**

22. Plaintiffs reallege and incorporate by this reference all the paragraphs above in this Complaint as though fully set forth herein.

23. Plaintiffs bring this action on behalf of themselves and all other similarly situated and typical employees employed in California as both a collective action under the FLSA and a true class action under California law.

24. Plaintiffs bring this action on behalf of themselves and the following **FLSA Classes**:

    A.    **FLSA Class:** All nonexempt hourly paid employees employed by Defendants within the United States who worked off-the-clock as demonstrated by the comparison between Defendants' electronic medical record systems and electronic timekeeping systems at any time during the relevant time period alleged herein.

    B.    The FLSA Class is further divided into the following sub-classes:

        i.    **Cal Rehab Sub-Class**: All nonexempt hourly paid employees employed by Defendants at the Cal Rehab facility who worked off-the-clock as demonstrated by the comparison between Defendants' electronic medical record systems and electronic timekeeping systems at any time during the relevant time period alleged herein.

        ii.    **Select Physical Therapy Sub-Class**: All nonexempt hourly paid employees employed by Defendants at Select Physical Therapy facilities within the United States who worked off-the-clock as demonstrated by the comparison between Defendants' electronic medical record systems and electronic timekeeping systems at any time during the relevant time period alleged herein.

25. With regard to the conditional certification mechanism under the FLSA, Plaintiffs are similarly situated to those they seek to represent for the following reasons, among others:

    A.    Defendants employed Plaintiffs as hourly-paid employees who did not receive their wages and, where applicable, overtime premium pay at one

|   |   |   |
|---|---|---|
| | | and one-half times the regular rate of pay for all hours worked over forty (40) hours in a workweek. |
| | B. | Plaintiffs' situation is similar to those they seek to represent because Defendants failed to pay Plaintiffs and all other FLSA Class and Sub-Class Members for all time they were required to work, but with the knowledge acquiescence and/or approval (tactic as well as expressed) of Defendants' managers and agents. |
| | C. | Common questions exist as to whether Plaintiffs and all other FLSA Class and Sub-Class Members worked off the clock and without compensation. |
| | D. | Upon information and belief, Defendants employ, and have employed, in excess of 1,000 FLSA Class Members and in excess of 100 members of each Sub-Class within the applicable statute of limitations. |
| | E. | Plaintiffs have signed or will sign a Consent to Sue form shortly. |
| | F. | Consent to sue forms are not required for state law claims under Rule 23 of the California Rules of Civil Procedure. |

26. Plaintiffs bring this action on behalf of themselves and the following **California Classes**:

    A. **California Off the Clock Class:** All nonexempt hourly paid employees employed by Defendants in California who worked off the clock as demonstrated by the comparison between the EPIC electronic systems and KRONOS at any time during the relevant time period alleged herein.

    B. **California Meal/Rest Break Class:** All nonexempt hourly paid employees employed by Defendants in California at any time during the relevant time period alleged herein.

27. These Classes may be further subdivided into the following subclasses of similarly-situated and typical individuals based upon the divergent statute of limitations period for various claims asserted herein (collectively "the Subclasses" or "Subclass Members"):

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

A.  **Itemized Wage Statement Subclass:** All Class Members who were employed at any time during the relevant time period alleged herein.

B.  **Waiting Time Penalties Subclass:** All Class Members who were employed at any time during the relevant time period alleged herein.

C.  **PAGA Subclass:** All Class Members who were employed at any time during the relevant time period alleged herein.

28. Class treatment is appropriate in this case for the following reasons:

A. <u>The Class is Sufficiently Numerous</u>: Upon information and belief, Defendants employ, and have employed, in excess of 1,000 Class Members within the applicable statute of limitations. Because Defendants are legally obligated to keep accurate payroll records, Plaintiffs allege that Defendants' records will establish the members of the Class as well as their numerosity.

B. <u>Common Questions of Law and Fact Exist</u>: Common questions of law and fact exist and predominate as to Plaintiffs and Class Members, including, without limitation:

1) Whether Defendants failed to compensate Plaintiffs and members of the Class for all the hours that they worked;

2) Whether Defendants' policy of not including the hours worked off the clock in a pay period on the pay stub violates the itemized wage statement provisions of the California Labor Code and the Orders of the California Industrial Wage Commission; and

3) Whether Defendants willfully failed to pay Class Members all wages due and owing at the time of termination.

C. <u>Plaintiffs' Claims are Typical to Those of Fellow Class Members</u>: Plaintiffs performed work off the clock without compensation. Plaintiffs' claims are typical to those of the class they seek to represent. In addition, Defendants did not give Plaintiffs and Class Members accurate wage statements to reflect all their hours worked, rate of pay, and overtime compensation; and Defendants have not timely remitted all wages due and owing to Class Members who are former employees upon their termination.

D. <u>Plaintiffs are Adequate Representatives of the Class</u>: Plaintiffs will fairly and adequately represent the interests of Class Members because Plaintiffs are members of the Class, they have common issues of law and fact with all members of the Class, and their claims are typical to other Class Members.

E. <u>A Class Action is Superior/Common Claims Predominate</u>: A class action is superior to other available means for the fair and efficient adjudication of this controversy, since individual joinder of all members of the Class is impractical. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without unnecessary duplication of effort and expense. Furthermore, the expenses and burden of individualized litigation would make it difficult or impossible for individual members of the Class to redress the wrongs done to them, while an important public interest will be served by addressing the matter as a class action. Individualized litigation would also present the potential for inconsistent or contradictory judgments.

**FIRST CAUSE OF ACTION**

**Failure to Pay Overtime Wages in Violation of the FLSA, 29 U.S.C. § 207**

(On Behalf of Plaintiffs and all members of the FLSA Class Against Defendants)

29. Plaintiffs reallege and incorporate by reference all the paragraphs above in the Complaint as though fully set forth herein.

30. 29 U.S.C. Section 207(a)(1) provides as follows: "Except as otherwise provided in the section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

31. By failing to compensate Plaintiffs and FLSA Class Members for all the time they were suffered and/or permitted to work, Defendants failed to pay Plaintiffs and FLSA Class

1  Members overtime for all hours worked in excess of forty (40) hours in a week in violation of 29
2  U.S.C. Section 207(a)(1).

3   32.   Wherefore, Plaintiffs demand for themselves and for all others similarly situated, that Defendant pay Plaintiffs and FLSA Class Members one and one-half times their regular hourly rate of pay for all hours worked in excess of forty (40) hours a week during the relevant time period together with liquidated damages, attorneys' fees, costs, and interest as provided by law.

### SECOND CAUSE OF ACTION

### Failure to Pay Minimum Wages for All Hours Worked

(On Behalf of Plaintiffs and the California Off the Clock Class Against Defendants)

33.   Plaintiffs reallege and incorporate by this reference all the paragraphs above in this Complaint as though fully set forth herein.

34.   California Labor Code (hereinafter referred to as "Labor Code") § 1194 provides that "Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit."

35.   Labor Code § 1197 empowers the Industrial Welfare Commission to fix the minimum wage and states that "the payment of a less wage than the minimum so fixed is unlawful." Section 4 of applicable Wage Order No. 9 requires Defendant to pay its employees minimum wages for all hours worked.

36.   Because Defendants failed to compensate Plaintiffs and Class Members for their hours worked off the clock as set forth above, Defendants failed to pay Plaintiffs and Class Members the required minimum wage rate for each hour worked.

37.   Labor Code § 1194.2(a) provides that, in an action to recover wages because of the payment of a wage less than the minimum wage fixed by the IWC Wage Orders, an employee is entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

38. Plaintiffs and Class Members should have received their regular rate of pay, or the minimum wage, whichever is higher, in a sum according to proof for the hours worked, but not compensated, during the Class Period. Defendants therefore owe Plaintiffs and Class Members regular rate wages or minimum wages, whichever are higher, as well as liquidated damages in an equal amount to the wages owed, and has failed and refused, and continues to fail and refuse, to pay Plaintiffs and Class Members the amounts owed.

39. As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, the Plaintiffs and Class Members have sustained damages and been deprived of minimum wages and regular wages that are owed in amounts to be proven at trial, and are entitled to recovery of such amounts, plus interest, liquidated damages, and attorneys' fees and costs pursuant to Labor Code §§ 218.5, 1194, and 1194.2. Because Defendants' conduct described immediately above is an act of unfair competition and a business practice in violation of California Business & Professions Code § 17200, Plaintiffs and Class Members are entitled to recover the amounts previously specified for four years prior to the filing of this complaint to the date of judgment after trial.

40. Defendants are also subject to civil penalties and restitution of wages payable to Plaintiffs and all Class Members pursuant to Labor Code § 1179.1 as follows:

> (1) For any initial violation that is intentionally committed, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee is underpaid. This amount shall be in addition to an amount sufficient to recover underpaid wages.
>
> (2) For each subsequent violation for the same specific offense, two hundred fifty dollars ($250) for each underpaid employee for each pay period for which the employee is underpaid regardless of whether the initial violation is intentionally committed. This amount shall be in addition to an amount sufficient to recover underpaid wages.

(3) Wages recovered pursuant to this section shall be paid to the affected employee.

These penalties are in addition to any other penalty provided by law and are recoverable

by private individuals on behalf of the state of California under the Private Attorney General Act, Labor Code § 2699, et. seq.

41.     Defendants are also subject to civil penalties and restitution of wages payable to Plaintiffs and all Class Members pursuant to Labor Code § 558 for violating the applicable Wage Order as follows:

> (1) For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.
>
> (2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.
>
> (3) Wages recovered pursuant to this section shall be paid to the affected employee.

These penalties are in addition to any other penalty provided by law and are recoverable by private individuals on behalf of the state of California under the Private Attorney General Act, Labor Code § 2699, et. seq.

### THIRD CAUSE OF ACTION

**Failure to Pay Overtime Wages for All Hours Worked**

(On Behalf of Plaintiffs and the California Off the Clock Class Defendants)

42.     Plaintiffs reallege and incorporate by this reference all the paragraphs above in this Complaint as though fully set forth herein.

43.     Labor Code §§ 510 and 1198, and Section 3 of applicable Wage Order No. 9, mandate that California employers pay overtime compensation at one and one-half times the regular rate of pay to all non-exempt employees for all hours worked over eight (8) per day or over forty (40) per week and "any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no

less than twice the regular rate of pay of an employee." Section 3(A)(1) of the applicable Wage Order states in relevant part: "Employment beyond eight (8) hours in any workday or more than six (6) days in any workweek is permissible provided the employee is compensated for such overtime at not less than: (a) One and one-half (1 1/2) times the employee's regular rate of pay for all hours worked in excess of eight (8) hours up to and including 12 hours in any workday, and for the first eight (8) hours worked on the seventh (7th) consecutive day of work in a workweek; and (b) Double the employee's regular rate of pay for all hours worked in excess of 12 hours in any workday and for all hours worked in excess of eight (8) hours on the seventh (7th) consecutive day of work in a workweek."

44. Labor Code § 1198 states that "The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

45. Because Defendants failed to compensate Plaintiffs and California Off the Clock Class Members for their hours worked off the clock as set forth above, Defendants failed to pay Plaintiffs and California Off the Clock Class Members overtime compensation when due.

46. Wherefore, Plaintiffs demand for themselves and for California Off the Clock Class Members that Defendant pay Plaintiffs and California Off the Clock Class Members overtime pay at the applicable legal rate for all overtime hours worked together with attorneys' fees, costs, and interest as provided by law. Because Defendants' conduct described immediately above is an act of unfair competition and a business practice in violation of California Business & Professions Code § 17200, Plaintiffs and California Off the Clock Class Members are entitled to recover the amounts previously specified for four years prior to the filing of this complaint to the date of judgment after trial.

47. Defendants are also subject to civil penalties and restitution of wages payable to Plaintiffs and all California Off the Clock Class Members pursuant to Labor Code § 558 as follows:

> (1) For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee

was underpaid in addition to an amount sufficient to recover underpaid wages.

(2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.

(3) Wages recovered pursuant to this section shall be paid to the affected employee.

These penalties are in addition to any other penalty provided by law and are recoverable by private individuals on behalf of the state of California under the Private Attorney General Act, Labor Code § 2699, et. seq.

## FOURTH CAUSE OF ACTION

### Failure to Provide Meal Breaks

(On Behalf of Plaintiffs and the California Meal Break Class Against Defendants)

48. Plaintiffs reallege and incorporate by this reference all the paragraphs above in this Complaint as though fully set forth herein.

49. Section 11 of the applicable Wage Order states, in relevant part: "(A) No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes . . . If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided."

50. Labor Code § 226.7 states that: "a) No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission. (b) If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided." California Labor Code § 229 provides for a private right of action to enforce the provisions of Labor Code 226.7.

51. Labor Code § 512 provides in relevant part: "An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes . . ."

52. As described above and demonstrated by the comparison of the EPIC and KRONOS electronic records, Plaintiffs and California Meal Break Class Members routinely worked through meal periods as required by Defendants, but were not compensated for the missed meal period pursuant to 226.7.

53. Wherefore, Plaintiffs demand payment for themselves and all California Meal Break Class Members one hour pay per day for every missed mandatory meal period, together with attorneys' fees, costs, penalties, and interest as provided by law.

## FIFTH CAUSE OF ACTION

### Failure to Provide Accurate Wage Statements

(On Behalf of Plaintiffs and the Wage Statement Subclass Against Defendants)

54. Plaintiffs reallege and incorporate by this reference all the paragraphs above in this Complaint as though fully set forth herein.

55. Defendants knowingly and intentionally failed to provide timely, accurate, itemized wage statements showing, inter alia, hours worked, to Plaintiffs and Wage Statement Subclass Members in accordance with Labor Code § 226(a) and applicable Wage Order No. 9. Such failure caused injury to Plaintiffs and Wage Statement Subclass Members by, among other things, impeding them from knowing the amount of wages to which they are and were legally entitled.

56. Plaintiffs' good faith estimate of the number of pay periods in which Defendants failed to provide accurate itemized wage statements to Plaintiffs and Wage Statement Subclass Members is each and every pay period during the Class Period.

57. Plaintiffs and the Wage Statement Subclass Members are entitled to and seek injunctive relief requiring Defendants to comply with Labor Code §§ 226(a) and further seek the amount provided under Labor Code § 226(e), including the greater of all actual damages or fifty

dollars ($50) for the initial pay period in which a violation occurred and one hundred dollars ($100) per employee for each violation in a subsequent pay period.

58. Defendants are also subject to civil penalties for Labor Code §§ 226(a) violations "in the amount of two hundred and fifty dollars ($250) per employee per violation in an initial citation and one thousand ($1,000) per employee for each violation in a subsequent citation . . . ." as provided by Labor Code §§ 226.3. These penalties are in addition to any other penalty provided by law and are recoverable by private individuals on behalf of the state of California under the Private Attorney General Act, Labor Code § 2699, et. seq.

59. Because Defendants' conduct described immediately above is an act of unfair competition and a business practice in violation of California Business & Professions Code Section 17200, Plaintiffs further demand the Defendants be enjoined from continuing to provide inaccurate pay statements that fail to include the amount of hours worked by each employee, the hourly rate of pay, and the amount of all overtime hours worked at the corresponding hourly rate.

## SIXTH CAUSE OF ACTION

### Failure to Timely Pay All Wages Due and Owing

(On Behalf of Plaintiffs and the Waiting Time Penalties Subclass Against Defendants)

60. Plaintiffs reallege and incorporate by this reference all the paragraphs above in this Complaint as though fully set forth herein.

61. Labor Code §§ 201 and 202 require an employer to pay its employees all wages due within the time specified by law. Labor Code § 203 provides that if an employer willfully fails to timely pay such wages, the employer must continue to pay the subject employees' wages until the back wages are paid in full or an action is commenced, up to a maximum of thirty (30) days of wages.

62. Class Members who ceased employment with Defendants are entitled to unpaid compensation for unpaid minimum, regular, and overtime wages, as alleged above, but to date have not received such compensation. Defendants' failure to pay such wages and compensation, as alleged above, was knowing and "willful" within the meaning of Labor Code § 203.

63. As a consequence of Defendants' willful conduct in not paying compensation for all hours worked, Class Members whose employment ended within the last three years from the filing of this complaint are entitled to up to thirty days' wages under Labor Code § 203, together with interest thereon and attorneys' fees and costs.

### SEVENTH CAUSE OF ACTION

**Violating California Private Attorney General Act**

(On Behalf of Plaintiffs and the PAGA Subclass Against Defendants)

64. Plaintiffs reallege and incorporate by this reference all the paragraphs above in this Complaint as though fully set forth herein.

65. Labor Code § 2699(a) states:

> Notwithstanding any other provision of law, any provision of this code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency or any of its departments, divisions, commissions, boards, agencies, or employees, for a violation of this code, may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees pursuant to the procedures specified in Section 2699.3.

66. Plaintiffs and PAGA Subclass Members are "aggrieved employees" as that term is defined in the California Labor Code Private Attorney General Act of 2004, because they are current or former employees of the alleged violator and against whom one or more of the alleged violations was committed.

67. Plaintiffs have met all the notice requirements set forth in Labor Code § 2699.3 necessary to commence a civil action. Plaintiff Arends submitted her PAGA Notice, with a draft Complaint attached, on November 1, 2019. Attached hereto as Exhibit C is a true and correct copy of the PAGA Notice, draft complaint, and return receipt.

68. Plaintiffs bring this action on behalf of themselves and all aggrieved employees who were subject to Defendants' failure to pay Plaintiffs and aggrieved employees for all hours they worked at the applicable minimum, regular, and overtime wage rate; its failure to comply with California's meal and rest break laws; its failure to provide accurate wage statements; and

its failure to pay Plaintiffs and aggrieved employees who are former employees all their wages due and owing upon termination.

69. Plaintiffs, on behalf of themselves and in a representative capacity on behalf of all members of the PAGA aggrieved employee Class, demand the maximum civil penalty specified in Labor Code § 2699 in the amount of one hundred dollars ($100) for Plaintiffs and each aggrieved member of the Class per period for the initial violation and two hundred dollars ($200) per pay period for each subsequent violation for violations of Labor Code §§ 201-204, 226, 226.7, 510, 1194, 1197, and 1198.

70. These penalties are recoverable in addition to any other civil penalty separately recoverable by law.

## EIGHTH CAUSE OF ACTION

### Unfair Business Practices

(On Behalf of Plaintiffs and the Classes Against Defendants)

71. Plaintiffs reallege and incorporate by this reference all the paragraphs above in this Complaint as though fully set forth herein.

72. By the conduct described throughout this Complaint, Defendants have violated the provisions of the California Labor Code as specified and have engaged in unlawful, deceptive, and unfair business practices prohibited by California Business & Professions Code § 17200, *et seq*. Defendants' use of such practices resulted in greatly decreased labor costs and constitutes an unfair business practice, unfair competition, and provides an unfair advantage over Defendants' competitors.

73. The unlawful and unfair business practices complained of herein are ongoing and present a threat and likelihood of continuing against Defendants' current employees as well as other members of the general public. Plaintiffs and Class Members are therefore entitled to injunctive and other equitable relief against such unlawful practices in order to prevent future damage and to avoid a multiplicity of lawsuits. Accordingly, Plaintiffs and the Class Members request a preliminary and permanent injunction prohibiting Defendants from the unfair practices complained of herein.

74. Defendants generated income as a direct result of the above-mentioned unlawful and unfair business practices. Plaintiffs and the Class Members are therefore entitled to restitution of any and all monies withheld, acquired, and/or converted by Defendant by means of the unfair and unlawful practices complained of herein.

75. As a result, Plaintiffs and Class Members seek restitution of their unpaid wages, unpaid overtime, meal and rest break pay, itemized wage statement penalties, and waiting time penalties, in addition to interest, attorneys' fees, and costs, as necessary and according to proof. Plaintiffs seek the appointment of a receiver, as necessary, to establish the total monetary relief sought from Defendants.

## JURY DEMAND

Plaintiffs hereby respectfully demand a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

Wherefore Plaintiffs, individually and on behalf of all Class Members and all others similarly situated, pray for relief as follows relating to their collective, class and representative action allegations:

1. For an order conditionally certifying the action under the FLSA and providing notice to all FLSA Class Members so they may participate in the lawsuit;

2. For an order certifying this action as a class action on behalf of the proposed California Classes and Subclasses;

3. For an order appointing Plaintiffs as the Representatives of the Classes and their counsel as Class Counsel;

4. For damages according to proof for regular rate or minimum rate pay, whichever is higher, for all hours worked under both federal and California law;

5. For damages according to proof for overtime compensation for all overtime hours worked under both federal and California law;

6. For liquidated damages;

7. For one hour of pay at the regular rate or minimum rate pay, whichever is higher, for every missed and/or inadequate meal period;

8. For waiting time penalties;

9. For civil penalties;

10. For PAGA penalties;

11. For interest as provided by law at the maximum legal rate;

12. For reasonable attorneys' fees authorized by statute;

13. For costs of suit incurred herein;

14. For pre-judgment and post-judgment interest, as provided by law, and

15. For such other and further relief as the Court may deem just and proper.

DATED: January 27, 2022            THIERMAN BUCK LLP

s/ *Joshua D. Buck*
Mark R. Thierman
Joshua D. Buck
Leah L. Jones
Joshua R. Hendrickson

*Attorneys for Plaintiff*